IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **FERRELLGAS PARTNERS, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | 4:03-CV-107-2 (WDO) |
| | : | |
| **HOMER BARROW, JANET WHITLEY and BARROW ENERGIES, INC.,** | : | |
| | : | |
| | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

This matter is before the Court on the Plaintiffs' motion to reconsider the summary judgment entered in favor of Defendant Homer Barrow. Plaintiffs contend that Defendant Homer Barrow's motion for attorney's fees shows he unlawfully participated in the formation of Barrow Energies.

A motion for reconsideration is not an opportunity for the movant to instruct the court on how it "could have done it better" the first time. Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). Absent the discovery of new evidence, an intervening change in the law or the issuance of binding authority contrary to the court's previous decision, a motion to reconsider is inappropriate. Id. at 1560-61.

Plaintiffs' only basis for the motion to reconsider is that Defendant Homer Barrow's motion for attorney's fees shows he unlawfully participated in the formation of Barrow Energies.

However, as has already been fully considered and addressed by the Court, there is no evidence Homer Barrow violated any of the laws alleged by Plaintiffs regarding the formation of Barrow Energies. The billing entries pointed out by Plaintiffs show a billing error caused by a paralegal's time being billed to Mr. Barrow instead of Ms. Whitley. As explained in the affidavits supporting Defendant Homer Barrow's response to the motion to reconsider, this was an administrative oversight done without Mr. Barrow's knowledge and certainly without his direction. The motion to reconsider is DENIED.

SO ORDERED this 2nd day of May, 2006.

S/
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**