IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| FERRELLGAS PARTNERS, L.P., et al., | : : : | |
| Plaintiffs | : : | |
| v. | : : | 4:03-CV-107 (WDO) |
| HOMER BARROW, et al., | : : | |
| Defendants | : | |

**ORDER**

After summary judgment as to liability was entered in this trademark-tradename infringement case, the Court ordered the parties to brief the Court on the issue of damages. Part of the proof required for this showing is whether Defendants made any profit through the business Barrow Energies, and if so how much. Along with their briefs, Defendants Janet Whitley and Barrow Energies filed financial statements prepared by the company's accountant and argue that the statements show Barrow Energies did not make a profit during the relevant period. Defendants also filed affidavits from 118 customers stating they were not confused by the naming of Barrow Energies, as alleged by Plaintiffs as a basis for the damages sought. This matter is now before the Court on the Plaintiffs' motion to strike the documentation recently filed by Defendants. Plaintiffs contend the financial statements and customer affidavits should have been produced in discovery, or at

1

least before this point in the litigation. Plaintiffs argue they were not given the opportunity to review and rebut any of this material before it was filed with the Court. The information filed by Defendants was filed in response to a direct, written order from the Court to support Defendants' claims regarding an appropriate amount of damages. Plaintiffs have been able to thoroughly respond to and object to the Defendants' evidence in the Motion to Strike and accompanying briefs, and thus have not been prejudiced by the submission of this evidence. Further, the information provided by the accountant was more than sufficiently explained, including the processes used to arrive at the conclusions given and an explanation of the basis of his knowledge to support his findings. The statements are therefore the best evidence of what the Court has ordered produced. As for the 118 customer affidavits, Plaintiffs were placed on notice of these individuals in the discovery process and cannot now claim surprise to see affidavits from them. The Motion to Strike is therefore DENIED.

**SO ORDERED this 5th day of December, 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**